IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICKEY LOUIS JACKSON, ) | |
| ID # 1353004,[1] ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:05-CV-1269-K (BH) |
| ) | ECF |
| DAVID BYRNES, ) | Referred to U.S. Magistrate Judge |
|     Defendant. ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

In June 2005, plaintiff filed this action pursuant to 42 U.S.C. § 1983 while he was incarcerated in the Kaufman County Jail. He sues David Byrnes, Sheriff of Kaufman County, for false imprisonment related to his incarceration in the Kaufman County Jail in 2005.[2]

According to plaintiff, he was convicted of burglary and sentenced to ten years imprisonment on March 2, 1994; charged with a drug offense and appeared in Kaufman County on February 14, 2003, but was not indicted; and completed his ten-year burglary sentence on December 12, 2003. (*See generally* Compl. and attachments.) He argues that, although he had finished his burglary

---

[1] When plaintiff filed this action his prison identification number was 692137. (*See* Compl. at 1.)

[2] As part of his claim of false imprisonment, plaintiff complains about being denied counsel upon his incarceration in the Kaufman County Jail, and requests appointment of counsel. (*See* Compl. at 3-4.) The Court denies the request for appointment. It has no authority to appoint counsel for state proceedings. To the extent plaintiff seeks appointment of counsel in the instant action, the Court denies the request because plaintiff has provided insufficient information to warrant appointment, and as set forth in these findings, the instant action has insufficient merit to warrant appointment of counsel.

sentence, he was arrested on a parole warrant on May 10, 2005, and charged with a drug offense on May 11, 2005 – the same charges that he faced in February 2003. (Compl. at 4; Answer to Question 2 of Magistrate Judge's Questionnaire (MJQ).[3]) According to plaintiff, he was convicted of a drug offense in Cause No. 22369-422 on October 5, 2005; ordered released to mandatory supervision on December 16, 2005; and released from the Kaufman County Jail on December 19, 2005. (*See* Answers to Questions 1 and 2 of MJQ.)

Although not entirely clear, it appears that plaintiff alleges that he has been falsely imprisoned by defendant for the entire duration between May 10, 2005, and December 19, 2005, because he finished his ten-year sentence on December 12, 2003, and was denied counsel. His answers to the MJQ also seem to allege that he has been falsely imprisoned because the Kaufman County Jail did not release him to mandatory supervision until December 19, 2005, despite an order of release dated Friday, December 16, 2005.

Plaintiff seeks release from his imprisonment, dismissal of the sentence imposed in Cause No. 22369-422, and monetary damages in this action. No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte*

---

[3] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

2

dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

### III. SECTION 1983

Plaintiff seeks relief under 42 U.S.C. § 1983 for alleged false imprisonment. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

As part of the relief sought in this action, plaintiff seeks release from imprisonment and dismissal of his most recent state sentence. Release from imprisonment, however, is an inappropriate remedy in an action brought pursuant to 42 U.S.C. § 1983. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). Likewise, dropping criminal charges is an inappropriate remedy in a § 1983 action. *See*

3

*Parker v. Moreno*, No. 3:01-CV-1283-D, 2002 WL 1758181, at *3 (N.D. Tex. July 2002) (order accepting findings and recommendation of magistrate judge).  Similarly, dismissing a state criminal sentence is not an appropriate § 1983 remedy.  If plaintiff is entitled to any requested relief in this § 1983 action for false imprisonment, he is entitled only to monetary relief.[4]

To state a claim for false imprisonment, plaintiffs must allege (1) an "intent to confine, (2) acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting harm." *Harper v. Merckle*, 638 F.2d 848, 860 (5th Cir. 1981).  Additionally, "[t]o state a claim upon which relief can be granted for the commission of a constitutional tort, plaintiffs . . . must satisfy the prerequisites of 42 U.S.C. § 1983." *Id.*  Consequently, the imprisonment must be illegal or without authority of law. *Id.*  The Courts do not focus merely on the elements of the tort, but must determine whether the defendant has caused "the plaintiff to be subjected to deprivation of his constitutional rights." *Baker v. McCollan*, 443 U.S. 137, 142 (1979).

A false imprisonment claim may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Lewis v. Smith*, 111 Fed. App'x 305, 306 (5th Cir. 2004).  In *Heck,* the Supreme Court ruled that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

---

[4] The Court notes that petitioner has a petition for writ of habeas corpus pending in this Court. *See Jackson v. Dretke*, No. 3:05-CV-2289-K (N.D. Tex. received Nov. 21, 2005).  A habeas action, not a civil rights action, is the proper vehicle for obtaining release or speedier release from alleged unconstitutional incarceration.

512 U.S. at 486-87 (footnote omitted). Under *Heck*, courts must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* When success in a "§ 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

In this case, although the precise basis for plaintiff's false imprisonment claim remains unclear, it is clear that the arrest that placed him in the Kaufman County Jail in May 2005 resulted in his conviction on October 5, 2005. Regardless of the precise parameters of the claim,[5] granting monetary relief on that claim would necessarily imply the invalidity of plaintiff's conviction or duration of sentence. An essential element to a § 1983 claim of false imprisonment is that the imprisonment be illegal or without legal authority. A plaintiff cannot satisfy that element without implying the invalidity of his conviction or sentence. Accordingly, under *Heck*, plaintiff must demonstrate that his conviction or sentence has been reversed, invalidated, or expunged prior to bringing an action under § 1983. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff has failed to make such a showing. (*See* Answers to Questions 4 and 5 of MJQ.) Consequently, plaintiff's false imprisonment claim is "legally frivolous". *See Hamilton*, 74 F.3d at 103. The Court should dismiss the claim "with prejudice to [its] being asserted again until the *Heck*

---

[5] Plaintiff's allegations of false imprisonment at the Kaufman County Jail could relate to any or all of the following periods of time: (1) the pre-conviction period between May 10 and October 5, 2005; (2) the post-conviction period prior to the order of mandatory release, *i.e.*, between October 5 and December 16, 2005; and (3) the period between the order of mandatory release and actual release, *i.e.*, between December 16 and 19, 2005.

conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *accord Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994) (upholding dismissal with prejudice); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994) (same).

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** this action under 42 U.S.C. § 1983 with prejudice as frivolous until such time as plaintiff satisfies the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

**SIGNED this 8th day of June, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE